IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE FERGUSON,

        Plaintiff,                   No. CIV S-06-2331 WBS GGH P

    vs.

C. WEEKS, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a former state prisoner proceeding pro se, who evidently was released on parole as of February 14, 2007. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Prior to being paroled, plaintiff filed this action. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

1

defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The gravamen of plaintiff's complaint is that his sentence has been illegally lengthened in that he has not received the appropriate number of credits due him, pursuant to Cal. Penal Code § 2900.5(actual time) or § 4019 (conduct).  Plaintiff states that he was arrested on 5/15/05 and sentenced on 7/11/05 to a sixteen-month prison term.  Complaint, pp. 3-5.  Plaintiff contends that he was entitled to 59 days of credit, pursuant to Cal. Penal Code § 2900.5, and to 28 days' credit, under Cal. Penal Code § 4019, pursuant to the amended abstract of judgment he includes as an exhibit.  Id.  Instead, defendants C. Weeks, K. Prosper and N. Grannis only allowed him 48 days under § 2900.5 and 24 days under § 4019.  Id., & Calculation worksheet exhibits.  Plaintiff seeks money damages in the amount of $3,500.00 for each day he believes he

1 was erroneously imprisoned and injunctive relief in the form of three months deducted from his
2 period of parole for each such day.  He also seeks additional money damages, $10,000.00, for
3 pain and suffering.

4 As to his claims for money damages arising from an alleged miscalculation of his
5 time credits or a sentencing error, plaintiff's claims appear to be Heck-barred.  In Heck v.
6 Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights
7 action under § 1983 for damages.  Claiming that state and county officials violated his
8 constitutional rights, he sought damages for improprieties in the investigation leading to his
9 arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful
10 voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a
11 fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United
12 States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under 1983.

19 Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for
20 damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the
21 conviction or sentence has been invalidated, expunged or reversed.  Id.

22 Plaintiff makes no showing that the time credits applied to his prison sentence
23 have been expunged or invalidated.  Plaintiff's claim for money damages will be dismissed, but
24 plaintiff will be granted thirty days' leave to amend.

25 As to plaintiff's claim for injunctive relief, plaintiff does not proceed through the
26 appropriate vehicle by filing an action under 42 U.S.C. § 1983.

3

>Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

"An application for a writ of habeas corpus under § 2254 is the proper method for a prisoner's challenge to the calculation of his time credits." Whitehead v. Johnson, 157 F.3d 384, 386 n.1 (5th Cir. 1998).  Plaintiff's claims for injunctive relief in the form of a reduced term of parole must be dismissed from this civil rights action.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 6/15/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
ferg2331.b